## JAMES A. JARBOE's ADMR. *v.* JOHN McLANE et al.

**Attachment of Distributee's Share of Father's Estate — Priority of Liens Between Attaching Creditors and Administrator — Principle of Retainer.**

Where the whole estate of the intestate is in the hands of the court's receiver, an administrator of the estate cannot retain out of the fund an amount owing him by one of the distributees, because the same was not in *his* hands. And the principle of retainer does not apply.

**Same.**

An attaching creditor of the distributee, by reason of his attachment before allotment, would have a prior lien.

APPEAL FROM MARION CIRCUIT COURT.

April 20, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

In 1864 the intestate, James A. Jarboe, and appellee, McLane, became bound jointly as the sureties of Robt. C. English and Joseph Jarboe in two debts to Mrs. Hawkins, one for $1,000 due

at the end of the year 1865, the other for $300 due the 1st of February of said year.

In January, 1866, Mrs. Hawkins instituted an action against English, Joseph Jarboe, McLane, and the personal representatives of James A. Jarboe, he having died previous thereto, to coerce the payment of said debts, and recovered a judgment therefor in the Marion Circuit Court. Shortly after the recovery of her judgment she caused an execution to be issued thereon directed to the sheriff of Marion county, which was placed in his hands; who on the 11th of April, 1866, returned the same with the following indorsement: No property found in Marion county to satisfy this *fieri facias* or any part thereof. McLane afterward paid the debt to Mrs. Hawkins, and filed his petition against James A. Jarboe's administrators and others alleging the foregoing facts, and that Joseph Jarboe and English, the principals, were insolvent, and that Joseph Jarboe, who was a son and an heir of the intestate, was entitled to one share in the estate of his father, which was sufficient to pay and reimburse him the amount he had paid as his surety to Mrs. Hawkins, and had his interest in the estate attached — and also sought contribution from the administrators.

The administrators had filed their petition in the Marion Circuit Court against the heirs and creditors of their intestate, alleging that his personal estate and slaves were insufficient to pay his debts, sought a sale of his real estate for a settlement of the estate and for a distribution of the residue after the payment of the debts amongst the heirs. The two actions were consolidated and heard together.

The real estate was sold under a judgment of the court by the master, and the proceeds collected by the court's receiver, and were in his hands.

The administrators in their answer to McLane's petition allege that Joseph Jarboe was indebted to them in their fiduciary character the sum of $178.50, evidenced by his note executed the 14th of February, 1865, with the accruing interest. And in an amended answer they claim that they had paid about $190 to Charles Beaver, for which their intestate was bound as the surety of Joseph Jarboe; this debt they had paid before the payment by McLane of the debt to Mrs. Hawkins, and as it appeared from the master's report that Joseph Jarboe's share of his father's estate was not sufficient to pay the amount he owed them, evidenced by his note

aforesaid, and the amount they had paid to Beaver and also the debt paid by McLane to Mrs. Hawkins, they asked that the two amounts first named should be paid them, and the residue applied to the payment of the Hawkins debt.

Other actions were brought by other creditors of Joseph Jarboe and were consolidated with those before named; but the disposition made of said actions is not complained of and no further notice will be taken of them.

At the August term, 1866, of the court a judgment was rendered by the court, in which it was ascertained that Joseph Jarboe's share of his father's estate was $774.47; of that sum it was adjudged that the administrators should be paid $197.14, the amount they had paid to Beaver, and the residue of the $774.47 was adjudged to be paid on the Hawkins debt, which left unpaid of that debt $575.28, the one-half of which the administrators were adjudged to pay McLane, to be levied of assets, etc. And of that judgment the administrators complain.

The whole estate of the intestate was in the hands of the court's receiver, and the administrators were not in a condition to retain the amount Joseph Jarboe owed them out of his share because the same was not in their hands. And the principle of retainer did not apply. They occupied no better ground than other creditors of Joseph as to the debt due them, and appellee having by his attachment acquired a prior lien on the fund, the same was properly applied to the payment of the debt which he had paid to Mrs. Hawkins.

Nor is there any error in the amount adjudged to him for contribution for the unpaid balance due him against the estate of James A. Jarboe, deceased, and although that judgment is against appellants, it is to be levied of assets, and as it is apparent they have no assets in their hands they cannot be prejudiced thereby.

Wherefore, the judgment is affirmed.